CITY OF LOUISVILLE *v.* GREER.

(Division A. May 15, 1933. Suggestion of Error Overruled June 12, 1933.)

[148 So. 356. No. 30631.]

E. M. Livingston, of Louisville, for appellant.

Rodgers & Prisock, of Louisville, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee recovered a judgment against the appellant for an alleged balance due her on her salary as a teacher in the appellant's separate school district. The judgment was pursuant to a directed verdict therefor.

The case disclosed by the evidence is, in substance, as follows: The appellee was elected as a teacher in the district schools by the trustees thereof for the 1931-32 term, and her salary fixed, along with the other teachers, at one hundred dollars per month. The length of the school term was not fixed by any order of the trustees. The appellee entered upon the discharge of her duties pursuant to this election without any formal contract having been executed relative thereto. After the schools had been in operation for a short time, it was ascertained by the trustees that the revenues of the district would be insufficient to run the schools for nine months—the term they seem to have had in mind when electing teachers—unless the expense of so doing was reduced, and a petition by the patrons of the school requested that this be done.

The following resolution was then adopted by the trustees: ''That the teachers' salaries be reduced ten per cent providing the teachers will, at this time, give the town the ninth month free in case we do not get the money

to pay for the ninth month.'' This resolution was submitted to the teachers at a conference called for that purpose by the superintendent of the schools, and, according to his evidence, they, including the appellee, agreed thereto. She admitted being present at this conference, but denied assenting to the resolution. She continued to teach, and thereafter accepted at the end of each month a warrant for ninety dollars as her salary for that month. The schools remained open for eight months and three weeks; the suit is for sixty-seven dollars and fifty cents, the amount claimed by the appellee as compensation for the three weeks of the ninth month at ninety dollars per month. The appellant has no school funds with which to pay this claim.

We will assume that the appellee's original contract covered the term for which the school should be kept open. The record, therefore, presents two questions: First, did the appellee agree to the reduction of her salary and to teach the ninth month without compensation? Second, if she did so agree, is the agreement binding on her?

The first question is one of fact on conflicting evidence, and is for the determination of the jury.

On the second question, the appellee's contention is that the agreement, if made, was without consideration, for the reason that the appellant surrendered or gave nothing therefor. Section 6634, Code 1930, provides that: ''The schools shall be kept in session for at least eight months in each scholastic year, provided, funds are sufficient and the trustees and county superintendent' approve that length of school term.'' Subdivision 9 of section 6665, Code 1930, provides for the election of teachers, the fixing of salaries, and terms by the board of trustees of a separate school district. Subdivision 10 thereof authorized the trustees, with the approval of the said board of education, to pay its teachers for time lost on account of the closing of its schools by boards of trustees

in emergency cases. The first of these sections clearly contemplates that the schools should not be kept open unless the school revenues are sufficient to pay the expenses thereof—in other words, that they should be closed whenever the school revenues are insufficient for their further maintenance. The trustees here had the right, and it became their duty, to close the schools when the district funds became insufficient for their operation. The agreement here entered into with the teachers obviated the necessity of so doing. The teachers were confronted with the alternatives of submitting to the closure of the schools or to a reduction of salary; consequently, their acceptance of the reduction, in order to obviate the closing of the schools and probable loss of their salaries thereafter, was sufficient consideration for the promise to thereafter teach on other terms.

Reversed and remanded.