W. A. McDonald & Sons *v.* McQueen.

(Division A. March 11, 1940. Suggestion of Error Overruled April 22, 1940.)

[194 So. 473. No. 34072.]

W. W. Stockstill, of Bay St. Louis, and J. E. Stockstill, of Picayune, for appellant.

**Gex & Gex**, of Bay St. Louis, and **Geo. R. Smith**, of Gulfport, for appellee.

Argued orally by **J. E. Stockstill**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

The appellee was Superintendent of Education of Hancock County from January 4, 1932, to January 4, 1936, during which time he issued a number of what

we will designate as teachers' pay certificates that were purchased by the appellants, for the payment of which there is no money in the county treasury, and was not when the certificates were issued. This action is under section 6732, Code of 1930, which the reporter will set out.[1].

The evidence discloses that the county school fund was frequently inadequate to pay the expense of maintaining the public schools, nevertheless, they were kept open. See City of Louisville v. Greer, 166 Miss. 554, 148 So. 356. Pay certificates were issued to teachers by the appellee and purchased by the appellants who would collect them when sufficient money would come into the school fund therefor.

Whether a number of the certificates sued on were in fact issued, or, if issued, had been surrendered to the appellee and presumably paid became, on the evidence, a question of fact for the jury, so that the only real question presented is whether the court below erred in excluding the remainder of the certificates from the evidence.

These certificates differed from those referred to in the preceding paragraph and were in this form:

"County Superintendents Pay Certificate——— Rural School District ——— Hancock County, Miss. ——— 19—.

"To the Clerk of the Board of Supervisors:

"I hereby certify, That——is entitled to the sum of ——— Dollars for services rendered as teacher in the

---

[1]"6732. Funds to be used only for year of receipt—deficit not allowed.—All school funds received and collected during the scholastic year shall constitute the school fund of the county for the scholastic year; and the salaries of the teachers shall be so fixed as not to allow a deficit in any year. It shall be unlawful for the superintendent to issue pay certificates to teachers in excess of the amount of money received on account of the public schools for the current year and any certificate so issued shall be illegal and void; but the superintendent shall be responsible on his bond to the holders for face value of such certificate and shall be so liable to any person whom he may cause to teach in a public school and for whose payment there is no money in the treasury."

274

Public Schools in said County at the ——— School House ——— Term of 193— -193—, as per contract, when funds are available to pay same and upon surrender of this Certificate to me. Payable out of Common School Funds.

"_____

"County Superintendent of Education"
These blanks were filled out to fit each case.

Under section 6732 of the Code, teachers' pay certificates issued by the County Superintendent in excess of the current school funds are void, and the purpose of the statute in making the superintendent responsible on his bond for the face thereof to purchasers is to protect purchasers against the fraud of the superintendent in issuing them. The statute has no application when the certificate discloses on its face that it was issued in violation thereof and is void. A certificate so disclosing. is not such as the statute contemplates.

Affirmed.